UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THOMAS B. McLAUGHLIN )<br>CHRISTINE B. McLAUGHLIN )<br>HARRIS BANC BARRINGTON f/d/b/a )<br>PALATINE NATIONAL BANK as trustee )<br>of Illinois Land Trust No. 4491 )<br>COASTAL BANC, and )<br>ILLINOIS DEPARTMENT OF REVENUE )<br>)<br>Defendants. ) | No. 04 C 2992<br>Judge Joan H. Lefkow |

## MEMORANDUM OPINION AND ORDER

Before the court are defendant Thomas McLaughlin and Christine McLaughlin's motions to dismiss the complaint for lack of personal jurisdiction due to untimely service of process pursuant to Rules 12(b)(2) and 12(b)(5), Fed. R. Civ. P. Defendants' motions essentially ask the court to revisit its decisions granting the United States' motion to reopen the Rule 4(m) period of time within which to effectuate service of process and two subsequent extensions of time. For the reasons stated below, the court denies defendants' motions.

I.   RULE 12(b)(2) AND RULE 12(b)(5) MOTIONS TO DISMISS

Federal Rule of Civil Procedure 4(m) requires the dismissal of an action if the plaintiff fails to serve the complaint within 120 days after it is filed and does not show good cause for failing to comply with the 120 day requirement.[1] The plaintiff bears the burden of showing good cause. *See*

---

[1] Rule 4(m) of the Federal Rules of Civil Procedure states, in part:

If service of the summons and complaint is not made upon a defendant within 120 days after the

*Geiger* v. *Allen*, 850 F.2d 330, 333 (7th Cir. 1998). Once good cause is demonstrated, the district court is obligated to extend the time for service. *Panaras* v. *Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). Even in the absence of a showing of good cause, the Seventh Circuit has held that the district court must consider whether a permissive extension of time for service is warranted under the facts of the case. *Id.* at 340-41.

## II. BACKGROUND

On May 2, 1994, taxes were assessed against Thomas McLaughlin for the years 1983 through 1989.[2] On April 27, 2004, less than a week before the expiration of the applicable statute of limitations, the United States filed its complaint against Thomas McLaughlin pursuant to 26 U.S.C. §§ 7401 and 7403.[3] Christine McLaughlin was joined as a defendant to this action pursuant to 26 U.S.C. § 7403(b) because she may claim an interest in the real property held by Thomas McLaughlin and against which the United States seeks to foreclose a federal tax lien. On June 18, 2004, the United States sent a copy of the complaint and a request for waiver of service by regular mail to each of the defendants, with the exception of Christine McLaughlin. After receiving her home address from the Internal Revenue Service, the United States sent a copy of the complaint and a request for waiver of service to Christine McLaughlin on July 8, 2004. Neither Thomas McLaughlin or

---

filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

[2] Defendants' Memorandum of Law states that tax assessments were made by the IRS on May 4, 1994; however, the amended complaint states that the tax assessments were made on May 2, 1994. For purposes of deciding this motion, the court will rely on the date stated in the amended complaint. The court's reliance on the May 2, 1994 date does not affect its analysis of the issues presented.

[3] Under 26 U.S.C. § 6502(a)(1), which provides a ten year statute of limitations to collect on tax after an assessment of the tax, the statute of limitations was set to expire on May 2, 2004.

2

Christine McLaughlin accepted service by mail in response to the requests for waivers.

According to the Second Declaration of Barbara E. Seaman, which the United States attached to its response to defendants' motions to dismiss, Ms. Seaman was assigned to this lawsuit following the departure of the attorney who had filed the complaint from the Tax Division of the U.S. Department of Justice. (Second Seaman Dec. at ¶ 2). In July of 2004, Stephen Lewis, the attorney for the McLaughlins, contacted Ms. Seaman to discuss the present lawsuit and another matter. (Second Seaman Dec. at ¶ 6). Because the McLaughlins had not yet retained Mr. Lewis to represent them in the present lawsuit, Ms. Seaman declined discussing the case with Mr. Lewis until he was counsel of record. (Second Seaman Dec. at ¶7). Mr. Lewis indicated to Ms. Seaman that he expected the McLaughlins to retain his services for the present matter. (Second Seaman Dec. at ¶8). Because of her conversation with Mr. Lewis, Ms. Seaman was aware that the McLaughlins had taken action in response to the request for waiver of service and was unalarmed when Thomas McLaughlin did not respond to the request for waiver of service within the thirty-day period. (Second Seaman Dec. at ¶¶ 9-10).

On or about August 8, 2004, before the expiration of the 120-day period for service of process, Ms. Seaman contacted Revenue Officer Sandra Davis to request that she effect personal service of the complaint on Thomas McLaughlin and Christine McLaughlin. (Second Seaman Dec. at ¶ 12). Ms. Seaman explained the requirements of personal service to Revenue Officer Davis in a telephone conversation and again by letter. (Second Seaman Dec. at ¶ 13). On or about August 19, 2004, Revenue Officer Davis informed Ms. Seaman that she had served the McLaughlins and that she would return the summonses by Federal Express to Ms. Seaman. (Second Seaman Dec. at ¶ 14). The next day, August 20, 2004, Ms. Seaman received the summonses and briefly noted that

3

the return of service portion was completed. (Second Seaman Dec. at ¶ 15). Ms. Seaman did not read the entries carefully or read the accompanying history sheet from Revenue Officer Davis. *Id.*

Only when drafting a motion for entry of default on or about October 1, 2004 did Ms. Seaman realize that the service of process by Revenue Officer Davis was faulty under Rule 4, Fed. R. Civ. P. (Second Seaman Dec. at ¶ 19). Revenue Officer Davis had left copies of the summonses and complaint with Donna McLaughlin, the daughter of Thomas McLaughlin and sister of Christine McLaughlin, at the McLaughlins' chiropractor business. *Id.* Revenue Officer Davis had attempted unsuccessfully to serve process at the residences of Thomas McLaughlin and Christine McLaughlin. (Second Seaman Dec. at ¶ 20). Upon learning of the error in service, the United States moved ex-parte for leave to reopen the Rule 4(m) period, which the court granted.

After the court granted the United States' motion, the United States attempted to effectuate service of process on six occasions through a different process server but was unsuccessful. The United States moved ex-parte for a thirty-day extension of time in which to effectuate service, which the court granted on November 11, 2004. Again, the United States, through its process server, made additional but unsuccessful attempts to serve process on Thomas McLaughlin and Christine McLaughlin at their homes and office. The United States subsequently moved ex-parte for an additional ninety-day extension, which the court granted on December 6, 2004. Christine McLaughlin received service of process on January 2, 2005, 250 days after the filing of the complaint, and Thomas McLaughlin received service of process on January 23, 2005, 271 days after the filing of the complaint.

## III. ANALYSIS

In granting the United States' ex-parte motion for leave to reopen the Rule 4(m) period, the

court relied on the reasons stated in Ms. Seaman's first declaration for the failure of the United States to serve process timely on Thomas McLaughlin and Christine McLaughlin. The court also relied on the representations of the United States in its subsequent motions for extensions of time in granting the motions for the thirty-day and ninety-day extensions. In her Second Declaration, Ms. Seaman restated these reasons, which the court had considered and accepted previously in granting the United States' motions. Defendants do not contest the substance of the allegations but argue instead that the allegations establish the negligence and lack of diligence of the United States in failing to serve process timely rather than the existence of good cause for this failure.

A. Good Cause

A district court may find good cause where there is evidence that a third party's conduct prevented plaintiff from effecting timely service. *Bell* v. *City of Chicago*, No. 03 C. 2117, 2004 U.S. Dist. LEXIS 25888, at *3-4 (N.D. Ill. Dec. 20, 2004). "Evidence of defendant's intentional evasion of service, faulty effort by the process server, and lack of prejudice to defendant by the delay are all factors that a court can consider in making a good cause determination." 2004 U.S. Dist. LEXIS 25888, at *4. A showing of good cause also must be include evidence that the plaintiff used "reasonable diligence" in attempting to serve defendant within the Rule 4(m) period. *Id.*, citing *Bachenski* v. *Malnati*, 11 F.3d 1371, 1377 (7th Cir. 1993).

In the present matter, the untimely service of process was due in large part to the failure of Revenue Officer Davis to follow the directions of Ms. Seaman when attempting service of process on Thomas McLaughlin and Christine McLaughlin within the 120-day period. Ms. Seaman's cursory review of the summonses failed to detect Revenue Officer Davis' error, which went undiscovered until after the 120-day period had expired. Ms. Seaman's failure to detect the error

5

prior to the expiration of the Rule 4(m) period is more properly characterized as excusable neglect than good cause.

The United States also points to the unwillingness of Donna McLaughlin to inform Revenue Officer Davis of the whereabouts of Thomas McLaughlin and Christine McLaughlin and the number of unsuccessful attempts by the process servers to effectuate personal service on the McLaughlins as evidence of the McLaughlins' attempts to evade personal service. As of the expiration of the Rule 4(m) period, however, the United States had attempted personal service only once. This single attempt at service does not sufficiently demonstrate that defendants were evading service. As such, the United States did not establish good cause for purposes of Rule 4(m).

B.   Discretionary Extensions of Time

Although the United States failed to demonstrate good cause for failing to serve process timely, the facts as presented warranted a permissive extension of time for service for a number of reasons. First, the statute of limitations would bar the United States from refiling this action if the court granted the defendants' motion to dismiss for untimely service. *See Panaras*, 94 F.3d at 341, citing Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."). While the ten-year statute of limitations applicable to the present matter is a less persuasive factor than the ninety-day statute of limitations at issue in *Panaras*, it is nonetheless a relevant and permissible consideration. Second, defendants have offered no reasons for the court to believe that they have been prejudiced by the delay in receiving service of process. *See Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932 at 934 (7th Cir. 2002). Third, defendants had received actual notice of the lawsuit before the 120-day

period had elapsed as evidenced by their consultation with Mr. Lewis and Mr. Lewis' telephone conversations with Ms. Seaman. Fourth, the United States had sought waiver of personal service and had attempted personal service within the 120-day period. Fifth, defendants received service of process within the extended time period granted by the court. Taken together, the court concludes that the interest of justice was better served by granting rather than denying a permissive extension of time for service. Thus, defendants' motions to dismiss for failure to serve process timely are denied.

## ORDER

For the reasons stated above, Thomas McLaughlin's Motion to Dismiss [#20] and Christine McLaughlin's Motion to Dismiss [#21] are denied. Defendants have until May 27, 2005 to answer the complaint.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

DATED: May 4, 2005